(Pleito No. 231.—Fallado el 6 de Diciembre de 1902.)

## GONCE contra CONMELIN.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

COMPENSACIÓN. 1.—Cuando dos personas son recíprocamente acreedoras y deudoras por derecho propio, se opera la compensación de sus respectivas deudas hasta la cantidad en que concurran, quedando los dos débitos y créditos extinguidos respectivamente, en cuanto á dicha cantidad. 2.— Todo crédito ó derecho que por herencia ó legado adquiera una persona contra otra, viene á ser parte de los bienes del heredero ó legatario por derecho propio, de igual modo que si lo hubiese adquirido por.su propio trabajo, y está sujeto á la ley de compensación, si el deudor tuviese á su vez un crédito contra el acreedor. 3.—Ningún traspaso que se haga por el propietario de tal crédito ó derecho, á favor de tercero, sin el consentimiento del deudor, debe causar perjuicio á su derecho de compensación.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á seis de Diciembre de mil novecientos dos, en el juicio declarativo

iniciado ante la Corte de Distrito de Mayagüez por Don Fernando Vázquez, como cesionario de Doña Manuela Bernard y Lacourt, y continuado después por Don Pedro Regalado Gonce, vecino de Mayagüez, propietario, litigando con el carácter de cesionario de Vázquez, contra Don Florencio Conmelin, comerciante y también vecino de la ciudad citada; autos pendientes ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por el demandante, representado y dirigido por el Letrado Don Rafael Palacios Rodríguez, sin que se haya personado la parte recurrida ni asistiera ninguna al acto de la vista.—1º Resultando: Que el Tribunal sentenciador consignó en la sentencia los hechos siguientes:—"Primero. Resultando: Que en veinte y cinco de Abril del presente año (mil novecientos uno), el Letrado Sr. Campillo, en representación de Don Fernando Vázquez, presentó demanda ante este Tribunal en juicio declarativo contra Don Florencio Conmelin, en cobro de un crédito, montante á cuatrocientos veinte pesos y sus intereses legales desde la interposición de la demanda, solicitando, al mismo tiempo, se le condenase al pago de las costas; cuyo crédito fué cedido el veinte y uno de Enero del año en curso (mil novecientos uno) por escritura pública ante el Notario de esta ciudad, Don Mariano Riera Palmer, al demandante, por Doña Manuela Bernard, viuda de Paoli, en su carácter de heredera de su difunto esposo, sin que de esta cesión tuviese conocimiento el demandado, Sr. Conmelin, hasta que fué citado al acto de conciliación, por el Sr. Vázquez.—Segundo. Resultando: Que emplazado el demandado, y antes de contestar la demanda, fué cedido nuevamente el mencionado crédito, por el Sr. Vázquez á Don Pedro R. Gonce, por escritura pública ante el Notario de esta Ciudad Don Luis Campillo, el seis de Mayo del año actual, cuya cesión fué notificada al Sr. Conmelin, habiéndose personado con este motivo el Letrado Sr. de Diego, en nombre del demandado, presentando escrito á este objeto en el cual se oponía en la representación que ostentaba, tanto á esta última cesión

como á la anterior, ó sea á la otorgada por la Sra. Bernard, á favor del Sr. Vázquez, cuya manifestación tomó en cuenta el Tribunal por providencia del veinte y tres de Mayo de este año (mil novecientos uno).—Tercero. Resultando: Que vencido el término del emplazamiento, el demandado contestó la demanda, oponiendo á la misma la excepción perentoria de compensación, en atención á adeudarle Doña Manuela Bernard, la suma de cinco mil cuatrocientos cuarenta y un pesos, noventa y seis centavos, moneda provincial, y de no conceder ningún valor ni eficacia legal á las transferencias de crédito á que antes se ha hecho referencia, por estar hechas sin su consentimiento, con la idea de burlar la compensación que en todo tiempo podía oponer al cobro de dicha cantidad."—2º Resultando: Que abierto el juicio á prueba, practicada la propuesta, que se declaró pertinente, y seguido por los demás trámites, el Tribunal del Distrito de Mayagüez dictó sentencia el veinte y seis de Agosto del año mil novecientos uno, declarando con lugar la excepción de compensación alegada por el demandado, y extinguidas ambas deudas hasta la cantidad en que concurran, con las costas al actor, reservando el demandado su derecho para el cobro del exceso del crédito compensado, si lo creyere conveniente.—3º Resultando: Que contra esta sentencia se ha formalizado recurso de casación por infracción de ley según el escrito siguiente:—"Que dicho recurso está autorizado por el artículo 78 de la Orden General número 118, en relación con los 1,687 y 1,689 de la Ley de Enjuiciamiento Civil, y se halla comprendido en los casos 1º y 7º del artículo 1,690 de la propia ley, habiéndose cometido en la sentencia recurrida las infracciones siguientes:—Primero. El artículo 1,195 del Código Civil, porque para que tenga lugar la compensación, es necesario que dos personas por derecho propio sean recíprocamente acreedoras la una de la otra; de modo que siendo Conmelin acreedor por derecho propio de Doña Manuela Bernard, esta deuda sería compensable con otra en que resultara la Sra. Bernard

acreedora también por derecho propio del Sr. Conmelin, lo que no sucede en el presente caso, porque lo adeudado por éste á aquélla y posteriormente á sus cesionarios, es por título lucrativo como heredera de Don Pedro Paoli.—Segundo. El artículo 1,196 del propio Código Civil, porque siendo Don Florencio Conmelin deudor de Don Pedro Paoli, y hoy de los que por su muerte han adquirido su crédito, procedería la compensación si el Sr. Conmelin fuese acreedor del finado Paoli, cosa que no aparece de autos, según puede verse en el hecho segundo de la contestación, no habiendo, pues, en ese sentido, deudas compensables.—Tercero. El artículo 1,198 del mismo Código, por cuanto el deudor puede oponer la compensación al cesionario, tratándose de una deuda por derecho propio, contraída por el cedente á favor del deudor obligado; pero no así tratándose de una deuda que procede de una herencia que nada debe á dicho deudor, y que sólo está sujeta á las responsabilidades de las deudas hereditarias, únicas que · contrajo el cesionario al aceptar la cesión.—Cuarto. El artículo 661 del mismo Código Civil, por cuanto, si el heredero sucede al difunto por el hecho de su muerte, en todos sus derechos y obligaciones, Don Pedro Regalado Gonce, como dueño de los derechos hereditarios de Doña Manuela Bernard, por cesión, sólo está obligado á responder con lo adquirido, de las obligaciones contraídas por el finado, conforme lo preceptúa el artículo 1,034 del propio Código.—Quinto. Ha habido error de hecho en la apreciación de las pruebas, que consta en correspondencia, reconocida en los hechos de la contestación, y en escrituras públicas obrantes en autos, puesto que la carta de folio 6, las copias del testamento de Don Pedro Paoli, de fecha diez y siete de Abril de mil ochocientos noventa y ocho, folio 45, y las de las cesiones hechas por Doña Manuela Bernard á Don Fernando Vázquez y por éste á Don Pedro R. Gonce, otorgadas respectivamente en veinte y uno de Enero y seis de Mayo del año próximo pasado, en que concurrieron los requisitos del artículo 1,261 del Código Civil, y en las

que no era necesaria la presencia ni la intervención de Don Florencio Conmelin, eran motivos más que sobrados para que el Tribunal estimase probado que el crédito reclamado correspondió á la Sra. Bernard, no por derecho propio y sí como heredera de Don Pedro Paoli; que después correspondió á Don Fernando Vázquez, y que actualmente pertenece al Sr. Gonce, como subrogado en los derechos hereditarios de aquella señora.—Sexto. · Que también ha habido error de derecho en la apreciación de las pruebas, por cuanto el Tribunal sentenciador no dió á la carta y documentos públicos referidos el valor que les conceden los artículos 603, párrafo 2, de la Ley de Enjuiciamiento Civil y los 1,225, 1,216 y 1,218 del Código Civil, con manifiesta infracción de ellos."—Visto: Siendo Ponente el Honorable James H. McLeary, Juez Asociado de este Tribunal.—1º Considerando: Que. está bien establecido en las leyes y jurisprudencia de Puerto Rico, tanto en su letra como en su espíritu, el que cuando dos personas son recíprocamente acreedoras y deudoras por derecho propio, se opere la compensación de sus respectivas deudas hasta la cantidad en que concurran; y que los dos débitos y créditos queden extinguidos respectivamente, en cuanto á dicha cantidad.—2º Considerando: Que aunque una persona pueda adquirir un crédito ó derecho contra otra, por herencia ó legado, sin embargo, si lo ha adquirido de ese modo, dicho crédito viene á ser una parte de los bienes del heredero ó legatario y es su propiedad por derecho propio, lo mismo que si lo hubiese adquirido por su propio trabajo; y puesto que tal crédito ó derecho es la propiedad de dicho heredero ó legatario por derecho propio, está sujeto á la ley de compensación, si el deudor tuviere á su vez un crédito contra el acreedor.—3º Considerando: Que ningún traspaso que se haga por el propietario de tal crédito ó derecho, á favor de tercero, sin el consentimiento del deudor, debe causar perjuicio á su derecho de compensación, garantizado por las leyes, y que un traspaso, como el que se ha hecho en este caso, sería manifiestamente injusto,

si se permitiese que perjudicase á los derechos del deudor.—
4º Considerando: Que por cuanto el cesionario de una
deuda, bajo las circunstancias expresadas, no tendría mayores
derechos contra el deudor que el acreedor primitivo ó su
heredero ó legatario, el crédito en manos de un cesionario
está sujeto á las mismas compensaciones por parte del deudor,
á que estuvo sujeto en manos del trasferente; y la adquisi-
ción de tal crédito ó derecho está sujeta á todos los derechos
que el deudor tenga contra el trasferente.—5º Considerando:
Que, en esta sentencia, el Tribunal de Distrito de Mayagüez
no ha incurrido en ningún error de derecho y ha apreciado
además rectamente las pruebas del juicio.—Fallamos: Que
debemos declarar y declaramos no haber lugar al recurso de
casación por infracción de ley, interpuesto por Don Pedro
Regalado Gonce, al que condenamos al pago de las costas; y
comuníquese esta resolución á dicho Tribunal de Distrito,
con devolución de los autos, para su cumplimiento.—Así,
por esta nuestra sentencia, que se publicará en la Colección
de las Resoluciones de este Tribunal, lo pronunciamos, man-
damos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.
—Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia
por el Sr. Don James H. MacLeary, Juez Asociado de este
Tribunal Supremo, celebrando audiencia pública dicho Tri-
bunal en el día de hoy, de que como Secretario certifico, en
San Juan, Puerto Rico, á seis de Diciembre de mil nove-
cientos dos.—A. F. Castro, *Secretario.*